77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cela RUIZ-BRICENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70859.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1996.*
Decided Feb. 8, 1996.
 
 Before: WRIGHT, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Persecution "involves the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quoting Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969)). Here, petitioner testified she suffered from past persecution and feared future persecution as a result of her involvement in the January 22nd Movement, a group working on behalf of political prisoners. As evidence of past persecution, petitioner points to her participation in approximately 15 demonstrations that took place between 1985 and 1989. Some of these protests were permitted by the government and others were broken up by the police. Petitioner was never arrested, incarcerated or detained by police for joining in these demonstrations.
 
 
 3
 Petitioner also notes that one of her brothers was incarcerated by the Sandinistas for allegedly cooperating with the contras; that she had been followed by members of the Sandinista security forces; that her parents and siblings had been threatened with physical harm; and that the Sandinistas threatened to burn down the family home. Other than the one brother who was jailed, none of petitioner's family ever came to physical harm and the family's home was never burned.
 
 
 4
 We find that this testimony alone was insufficient to support a finding of past persecution and concur in the Board's analysis of this claim. See Prasad v. INS, 47 F.3d 336, 339-340 (9th Cir.1995). Furthermore, as to petitioner's assertion that she faces future persecution upon her return to Nicaragua, we find that petitioner has failed to demonstrate that she is at "particular risk" for future persecution upon her return to Nicaragua. Kostasz v. INS, 31 F.3d 847, 852 (9th Cir.1994). As both the BIA and IJ noted, in 1990, the Sandinistas were displaced from power and a democratic government was put into place. While it is true the Sandinistas continue to wield police powers, petitioner has not established that she would be singled out by the Sandinistas. By her own testimony, petitioner was never arrested, interrogated or detained by the Sandinistas and her parents, children aged 7 through 20, and siblings have remained in the country without harm.
 
 
 5
 Accordingly because we find substantial evidence supports the BIA's determination the petition for review is DENIED.
 
 
 
 *
 This panel unanimously agrees that his case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R.34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R.34-4